UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| RIVERSTONE GROUP, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 05-4020 |
| BIG ISLAND RIVER CONSERVANCY DISTRICT, an Illinois River Conservancy District; THE VILLAGE OF MILAN, ILLINOIS, an Illinois municipal corporation; and THE UNITED STATES OF AMERICA, through the United States Army Corps of Engineers, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| ILLINOIS DEPARTMENT OF NATURAL RESOURCES, | ) ) ) |
| Proposed Intervenor-Defendant | ) |

# O R D E R

This matter is now before the Court on the Illinois Department of Natural Resources' Motion to Intervene pursuant to Rule 24 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Motion is DENIED.

### BACKGROUND

In 1985, Plaintiff, Riverstone Group, Inc., conveyed easement rights to Big Island River Conservancy District ("Big Island") and the Village of Milan ("Milan") for four parcels of real property in Milan, Illinois, for the purpose of constructing, maintaining, operating, patrolling, and

replacing a flood control levee. (Complaint, ¶ 19). The Army Corps of Engineers ("Corps") built the levee, and Big Island and Milan (collectively hereafter referred to as "Local Sponsors") were thereafter responsible for operating and maintaining the levee. (Complaint, ¶¶ 31-32).

Plaintiff reserved the right, pursuant to the express terms of the easement with the Local Sponsors, to construct a dredge pipe beneath the existing flood levee.[1] (Complaint, ¶ 23). In 1991, Plaintiff delivered formal plans to the Corps announcing its intentions to execute this reserved right by installing and operating a dredge pipe under the flood control levee on a parcel of the said easement. (Complaint, ¶ 34).

According to federal law and regulation and pursuant to the express terms of the easement, any proposed modifications of this land that may affect the levee, including the installation of said dredge pipe, are to first be approved by the Corps. (Complaint, ¶ 24). After correspondence spanning several years between Plaintiff and the Corps, the Corps issued a final guidance letter dated April 9, 2004, which accepted Plaintiff's plans for modification subject to the condition that Plaintiff receive final approval from the Local Sponsors. (Complaint, ¶¶ 36, 40, 51). On January 24, 2005, Plaintiff received a notice from the Local Sponsors indicating that they had jointly agreed to deny the proposed levee modification. (Complaint, ¶ 54).

On February 22, 2005, Plaintiff filed this action seeking to have this Court declare that only the Corps had the authority to issue final approval for modification of the flood control project, that the Corps issued its final approval of the flood control project, and that the Local Sponsors have no authority to withhold approval of the modifications. (Complaint, pg. 25). In the alternative, Plaintiff

---

[1] Although it is not entirely clear from the record, a "dredge pipe" would appear to be a pipe that is placed underground for purposes of mining sand, gravel, or other minerals.

contends that the Corps unlawfully delegated its authority to issue final approval for modification of the flood control project. (Complaint, pg. 26). Plaintiff asks the Court to order the Corps to withdraw its unlawful delegation and issue final approval for modification of the flood control project. Id.

The Illinois Department of Natural Resources ("Department") has now moved for leave to intervene as a Defendant pursuant to Rule 24 of Federal Rules of Civil Procedure. The Department claims it should be afforded intervention "of right," because it has an interest in the property which is the subject of the case. In the alternative, the Department claims it should be afforded "permissive" intervention because there are questions of law and fact in common with the claims or defenses in the case.

## DISCUSSION

Federal Rule of Civil Procedure ("FRCP") 24(a) provides the elements for the Court to consider when determining if a proposed defendant may intervene as a matter "of right," and FRCP 24(b) provides the elements for the Court to consider if it may "permit" a proposed defendant to intervene. Under FRCP 24(a), intervention of right, an applicant must show: (1) a statute of the United States that "confers an unconditional right to intervene," or (2) the applicant "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties." Fed. Rule. of Civ. P. 24(a). Further, "[w]hether an applicant has an interest sufficient to warrant intervention as a matter of right is a highly fact-specific determination, making comparison to other cases of limited value." Security Ins. Co. of Hartford v. Schipporeit, Inc., 69

F.3d 1377, 1381 (7th Cir. 1995)(*citing* Reich v. ABC/York-Estes Corp., 64 F.3d 316, 321 (7th Cir. 1995)).

Permissive intervention, under FRCP 24(b), is appropriate when either: (1) "a statute of the United States confers a conditional right to intervene," or (2) "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. Rule. of Civ. P. 24(b). "[T]he court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Id. A party desiring to intervene shall serve a motion that states "the grounds therefore and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Fed. Rule. of Civ. P. 24(c).

## A. Intervention as a Matter "of Right"

Because no statute of the United States confers an unconditional right, the Department must establish the following four criteria to intervene as a matter "of right:" (1) timely application; (2) the applicant must claim an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) existing parties must not be adequate representatives of the applicant's interest. Sokaogon Chippewa Community v. Babbitt, 214 F.3d 941, 945-46 (7th Cir. 2000); Fed. Rule of Civ. P. 24(a).

### 1. Timely Application

The Department filed its Motion to Intervene shortly after the Case was initiated and before any responsive pleadings. The Department submits and Plaintiff accepts that application of the Motion was timely.

### 2. Interest Relating to the Property and the Department's Ability to Protect Its Interest

The Department claims it has significant interests relating to the property or transaction which is the subject of the action. Specifically, the Department contends that its regulation of flood control, the protection of the environment and public health, and its jurisdiction over the land in this lawsuit are all interests relating to the property

The Department further maintains that disposition of this case may adversely affect the Hennepin Canal Parkway State Park. The Department is responsible for the "care, control, supervision and management" of the State Park. 20 ILDS 835/1 (2004). According to the Department's brief, Plaintiff's levee is "contiguous to and coexistent" with this park. Consequently, the Department asserts that it has a significant interest in protecting its *sovereignty* and exercising regulatory authority over land within its borders. *See* Alfred L. Snapp & Sons, Inc. v. Puerto Rico, 458 U.S. 592, 601 (1982)(emphasis added). "A governmental body's sovereign interest is the type of direct, significant and legally protectable interest that could justify intervention under Rule 24(a)(2)." Miami Tribe of Oklahoma v. Walden, 206 F.R.D. 238, 242 (S.D. Ill. 2001). Plaintiff does not challenge the validity of the law cited by the Department, but rather questions the Department's identification as a sovereign governmental body. Plaintiff asserts that the Department cannot be defined as a sovereign entity; the Court agrees.

The Department cites Scotts Valley Band of Pomo Indians of Sugar Bowl Rancheria v. U.S., 921 F.2d 924 (9th Cir. 1990), as persuasive precedent. However, that case is inapposite from this case. In Scotts Valley, the Scotts Valley Band of Pomo Indians filed suit against the United States, claiming that it had unlawfully terminated its land from a federal trust that had been created by federal law. Id. at 927. If the plaintiffs succeeded in restoring the land to federal trust status, the proposed Intervenor, City, would have lost its ability to tax the inhabitants of the region and would

have lost its ability to enforce municipal regulations.  Id.  Therefore, the court granted intervention to the City because it found that the City's taxing and regulating powers amounted to direct, protectible interests in the action.  Id.  The court found that these specific powers identified a sovereign interest of the City, and the City had the right to protect this interest.  Id.

Here, unlike the City in Scotts Valley, the Department does not own the land in question and is therefore not in any danger of losing land to the Plaintiff.  Regardless of the ultimate disposition of this lawsuit, the Department will continue to retain jurisdiction over the State Park that is adjacent to the area where the flood control levee is located.  The Department, therefore, will not lose its ability to regulate its property, and the Department's ability to protect any interests it may have regarding flood control, environment, or public safety concerns on its property will not be impaired.  Further, the Department does not tax Plaintiff or the inhabitants on which property Plaintiff bases its claim.  The entities vested with such power and responsibility, the United States of America and the Village of Milan, are already named defendants in this lawsuit.  The Department's other referenced cases, Miami Tribe and Sierra Club v. City of San Antonio, 115 F.3d 311 (5th Cir. 1997), similarly identify interests of sovereign cities and states rather than state departments.  Therefore, the Department cannot properly deem itself a sovereign power in an attempt to gain propriety interests that it would otherwise not be afforded.

Additionally, the Department attempted to identify non-proprietary interests to satisfy intervention in this case.  Specifically, the Department claimed that it has an interest in enforcing relevant state and federal laws that may be violated.  "[T]he critical concern is not the theoretical interests of proposed intervenors, ... but whether already initiated litigation should be extended to include additional parties." Miami Tribe, 206 F.R.D. at 242 (*citing* United States v. 36.96 Acres of

Land, More or Less, Situated in LaPorte Co., Ind., 754 F.2d 855, 858 (7th Cir.1985)). The Department has not expressed any current injury and has not asserted any current violation of state or federal law by Plaintiff. Any non-proprietary interests that the Department has claimed are all speculative and contingent on proposed, abstract hypothetical situations. For all of these reasons, the Court cannot find that the Department retains any proprietary or non-proprietary interests that could be protected by intervention in this case.

### 3. Existing Parties Adequately Represent the Applicant's Interest

Even assuming that the Court had found a protectible interest, intervention "of right" is not appropriate if "the applicant's interest is adequately represented by existing parties." Fed. Rule. of Civ. P. 24(a). The Department wishes to intervene in order to attack the proper federal jurisdiction of Plaintiff's case. The Department suggests that, since necessary permits for construction have not been acquired by Plaintiff, the case or controversy before the Court may not be ripe for judicial review. The Department also claims that the disposition of the case in its absence may pose a threat to the environment and the public, because Plaintiff has not obtained permits from the Environmental Protection Agency ("EPA") or from the Illinois Department of Transportation ("IDOT"). However, any favorable judgment for Plaintiff in this case will not supersede its responsibility to obtain any necessary permits by IDOT or EPA before Plaintiff begins its construction, and the EPA and IDOT are not within the Department's authority. Nonetheless, if the permits become an issue for the Court to resolve, that issue can adequately be addressed by the Defendants already named in the lawsuit.

Further, any interest that the Department may have in flood control is adequately represented by Big Island. As cited in the Department's brief, Big Island retains its authority over this land by

the express statutory language of 70 ILCS 2105/9b(b) (2004), which states that a River Conservancy District "shall have the power and it shall be its duty to supervise, regulate and control the flow within the boundaries of the District of the waters of any river, stream or water course and through any and all dams and other obstructions, if any, now or hereafter existing or constructed in, upon or along any such river, stream or water course..." By express language, Big Island has been given authority to adequately defend the Department's interest in flood control, and nothing in the record before the Court suggests that Big Island is incapable of appropriately addressing this concern.

Finally, the Department seeks proper application of state and federal law. However, the United States, represented through the Corps, is already a named Defendant in this lawsuit, and can, therefore, certainly represent and defend proper application of federal law. The proper application of state law can wholly be addressed by Big Island and the Village of Milan.

For these reasons, the Court finds that the existing parties of the lawsuit can adequately represent any legitimate interests the Department might have in the disposition of this case.

**B. Permissive Intervention**

Permissive intervention, under FRCP 24(b), is appropriate when either: (1) "a statute of the United States confers a conditional right to intervene," or (2) "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed. Rule. of Civ. P. 24(b). As stated quite cogently by a fellow district court, when evaluating permissive intervention, a court should consider the following criteria:

> ...the principal consideration is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. The court should also consider whether the applicant will benefit by intervention. Other relevant factors include the nature and extent of the intervenor's interest, whether the interests are adequately represented by the other parties, and whether parties seeking intervention

> will significantly contribute to the full development of the underlying factual issues in the action and to just and equitable adjudication of the legal questions presented.

National Wildlife Federation v. Ruckelshaus, 99 F.R.D. 558, 561 (D.C.N.J. 1983)(*citing* U. S. Postal Service v. Brennan, 579 F.2d 188, 191-92 (2d Cir. 1978))(*see also* Coburn v. DaimlerChrysler Services North America, L.L.C., 218 F.R.D. 607 (N.D. Ill. 2003)).

As indicated above, the Department has failed to establish clearly identifiable interests that could be protected by intervention. These interests are so speculative that any claim or defense on which they are predicated will only remotely be common to an existing question of law or fact. Even further, any interests that the Department may have in this controversy are adequately represented by existing parties. Nothing suggests that intervention of the Department will add to the development of the underlying factual issues or to the just adjudication of the legal questions presented. It follows that undue delay and prejudice of the adjudication of the rights of the original parties could be the only effect of the Department's intervention in this lawsuit. Consequently, the Court will not grant permissive intervention.

## CONCLUSION

For the foregoing reasons, the Department's Motion to Intervene [#8] is DENIED in its entirety. As a result, the Department's Motion to Dismiss [#9] is now moot.

ENTERED this 11th day of August, 2005.

S/ Michael M. Mihm
Michael M. Mihm
United States District Judge
