**E-FILED**
Thursday, 26 January, 2006  11:37:39 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RIVERSTONE GROUP, INC.,<br>an Illinois corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 05-4020 |
| BIG ISLAND RIVER CONSERVANCY<br>DISTRICT, an Illinois River Conservancy<br>District; THE VILLAGE OF MILAN,<br>ILLINOIS, an Illinois municipal corporation;<br>and THE UNITED STATES OF AMERICA,<br>through the United States Army Corps of<br>Engineers, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

# O R D E R

This matter is now before the Court on Plaintiff, Riverstone Group, Inc.'s ("Riverstone"), Motion for Reconsideration.  For the reasons set forth below, the Motion [#34] is DENIED.

## DISCUSSION

"Motions for reconsideration serve a limited function:  to correct manifest errors of law or fact or to present newly discovered evidence."  Caisse Nationale de Credit v. CBI Industries, 90 F.3d 1264, 1269 (7th Cir. 1996).  Furthermore, it is not appropriate to argue matters that could have been raised in prior motions or rehash previously rejected arguments in a motion to reconsider.  Id. at 1270.

Riverstone argues that the Court should vacate its prior order dismissing the Complaint in this matter.  As support for this argument, Riverstone contends that the Court's interpretation of the applicable regulations is inconsistent with the Army Corps of Engineers' (the "Corps") own interpretation of the administrative procedure in this case. However, this argument is based on a strained and mistaken construction of the Corps' pleadings, as is apparent from the Corps' response to the Motion for Reconsideration. Consistent with the Court's prior findings, the Corps' position is that it has reserved for itself the right to review proposed modifications to determine whether the proposal would adversely impact the project's flood control functions and advised the Local Sponsors accordingly; this is a far cry from the declaration of final approval authority or admission of delegation suggested by Riverstone.  Riverstone's assertions to the contrary are nothing more than an attempt to rehash and perhaps place a different spin on previously rejected arguments, which is plainly inappropriate in a Motion for Reconsideration.

The remainder of Riverstone's Motion is dedicated to rearguing the meaning of the statutory language and statutory construction, as well as a reiteration of what Riverstone believes to be the basis for jurisdiction over the Local Sponsors.  Again, these allegations have been considered and rejected by the Court.  Riverstone has offered nothing to demonstrate any clear error of law or fact or to otherwise undermine the Court's conclusion that this is not the appropriate forum for any claims against the Local Sponsors.  Such claims involve a determination of the relative property rights between Riverstone and the Local Sponsors and should be resolved in a state court having proper jurisdiction.

As the Court previously held, the dispute in this case really centers on the respective property rights between Riverstone and the Local Sponsors (including the terms of the

easement) rather than the interpretation of any flood control regulations.   Having demonstrated no clear error of law or fact, Riverstone's continued protestations, no matter how ardently made, do not meet the limited standard for proper reconsideration under <u>Caisse Nationale</u>.  The Motion for Reconsideration [#34], including the incorporated request for leave to file an amended complaint, is therefore DENIED.

Entered this 26th day of January, 2006.


s/ Michael M. Mihm
Michael M. Mihm
United States District Judge